UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LORETTA MURRAY, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-501 |
| | ) | (PHILLIPS/GUYTON) |
| CITY OF HARRIMAN, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 69] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the following motion: Plaintiffs' Motion to View the Evidence Videos [Doc. 68].

Plaintiffs' Motion to View the Video Tape [Doc. 68], filed on December 19, 2006, appears to ask the court to view plaintiffs' three videotapes in conjunction with the videotape provided to the court to determine which videotape correctly recorded the events that Plaintiffs allege occurred on November 2, 2003. Defendants filed a response [Doc. 71], asserting that Plaintiffs were revisiting the matters disposed of in this Court's previous order [Doc. 66], without presenting the Court with new, relevant evidence supporting Plaintiffs' belief that Chief Stockton's affidavit was falsified.

Although this Court has previously addressed the issue of the videotape [Docs. 27, 66], the current issue presented by Plaintiffs is slightly different. Plaintiffs appear to be asking the

Court to rule on the credibility of the evidence. Such credibility determinations, however, are not within the Court's discretion, but are left to the trier of fact - in this case, the jury. As the United States Supreme Court has held, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985); see also U.S. v. Faulkner, 538 F.2d 724, 726-27 (6th Cir. 1976) (holding that where witnesses contradict each other, determining which witness should be believed is a matter within the "[s]ole province of the jury"). Accordingly, which tape accurately portrays the events of November 2, 2003, is a matter within the province of the jury, not the judge. Therefore, Plaintiffs' Motion to View the Videos Tape [Doc. 68] is **DENIED**.

The defendants' motion [Doc. 68] may in some form be intended to be a motion to compel the production of evidence, for example: "We should be given by the Harriman Police Department all of the video tapes, and all of the evidence that we supenoiaed [sic]. . . ." [Doc. 68, p. 5]. If so, it fails to comply with Local Rule 37.2, Form of Discovery Motions. Nonetheless, the Court, recognizing that the plaintiffs are *pro se*, will state that the defendants shall fully comply with their discovery obligations under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge