UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BOBBY MURRAY, BILLY D. MURRAY and LORETTA MURRAY, <br><br> Plaintiffs, <br><br> v. <br><br> HARRIMAN CITY POLICE CHIEF JACK STOCKTON, OFFICER AMANDA GODIN, OFFICER KENNETH MYNATT, OFFICER JASON MYNATT, AND CITY OF HARRIMAN, <br><br> Defendants. | No. 3:04-CV-501 <br> (Phillips/Guyton) |

## ORDER

This matter is before the Court upon defendants' motion to alter or amend the judgment or in the alternative for clarification [Doc. 84], plaintiffs' motion to reconsider [Doc. 88], and plaintiffs' motion to amend [Doc. 88]. On January 18, 2007, the Court granted defendants' dispositive motion regarding plaintiffs' conspiracy and illegal search and seizure claims and denied defendants' dispositive motion as to plaintiffs' excessive force and deliberate indifference claims. Additionally, the Court dismissed plaintiffs' action against Harriman Police Chief Jack Stockton, in that the plaintiffs had not asserted any allegations against him.

Defendants now specifically seek to alter or amend, or in the alternative, for clarification the issue as to whether any claims of Loretta Murray remain before the Court

1

[Doc. 84], stating that the excessive force claims only apply to Bobby Murray and Billy Murray; that the deliberate indifference to protect only apply to Bobby Murray and Billy Murray; and that the deliberate indifference to a detainee's serious medical condition only apply to Bobby Murray. Essentially, defendants assert that Lorretta Murray does not have any pending causes of action before this Court. The plaintiffs have responded stating that Loretta Murray was hit, pushed, shoved several times backwards, shoved into the truck, received blows to the chest, and suffered a knot to the head and bruises to her chest. The Court is cognizant that Loretta Murray did not submit a sworn affidavit in support of these assertions. However, as evinced by prior dealings with the pro se plaintiffs, the Court has no doubt Loretta Murray would submit such an affidavit to the Court, as well as, will testify consistent with plaintiffs' response at trial. Therefore, in the interest of efficiency, the Court considers allegations offered by plaintiffs and finds that a genuine issue of fact exist, however slight, as to whether Lorretta Murray was subjected to excessive force.

As to Lorretta Murray's claim of deliberate indifference against Officer Amanda Godin in failing to protect her from other law enforcement, it is true that Lorretta Murray was not arrested, nor was she a prisoner. However, this is irrelevant. *See May v. Franklin County Board of Commissioners*, 59 Fed.Appx. 786, 791-92 (6th Cir. 2003); *Durham v. Nu'Man,* 97 F.3d 862 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997). The Court notes that the defendants cite no authority for their position, that is, that individuals, who are not arrestees or prisoners, have no cause of action based on failure to protect, and the Court is unable to find such authority.

In sum, to the extend that defendants' motion seeks clarification [Doc. 84], the Court clarifies that Lorretta Murray's claims for excessive force and for deliberate indifference against Officer Amanda Godin for failure to protect her are still viable, however slight, and remain pending before this Court. To the extent that defendants' motion seeks reconsideration, alteration, or amendment of the Court's January 18, 2007 order [Doc. 84], defendants' request is **DENIED in its entirety**.

As to plaintiffs' motion to reconsider [Doc. 88], the plaintiffs have not offered any new facts or law that would alter the previous ruling of this Court. Accordingly, plaintiffs' motion to reconsider [Doc. 88] is **DENIED in its entirety**.

As to plaintiffs' motion to amend [Doc. 88], plaintiffs wish to amend their complaint to allege a claim of conspiracy against Harriman Police Chief Jack Stockton. As this amendment would be futile in that plaintiffs have failed to assert facts sufficient to evince conspiracy, plaintiffs' motion to amend [Doc. 88] is **DENIED in its entirety**.

**IT IS SO ORDERED.**

ENTER:

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE