UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BOBBY MURRAY, BILLY D. ) <br> MURRAY and LORETTA MURRAY, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HARRIMAN CITY POLICE CHIEF ) <br> JACK STOCKTON, OFFICER ) <br> AMANDA GODIN, OFFICER ) <br> KENNETH MYNATT, OFFICER ) <br> JASON MYNATT, AND CITY OF ) <br> HARRIMAN, ) <br> ) <br>     Defendants. ) | No. 3:04-CV-501 <br> (Phillips/Guyton) |

## ORDER

This matter is before the Court upon defendants' objection of designation of expert witnesses [Doc. 98]. The Court heard argument on February 12, 2007.

On January 25, 2007, defendants received a letter from plaintiffs indicating that they intended to use Michael Tansey as an expert witness. According to the Court's scheduling order, plaintiffs' expert disclosures were due on September 29, 2006, and the request for a Daubert hearing deadline was November 28, 2006. The first type of indication of Mr. Tansey's involvement in this matter occurred on January 16, 2007, when the Court received a document titled "Certified Forensic Evaluation: Media." Mr. Tansey's signature is attached to the report. The report also appears to be notarized by Mr. Tansey.

1

In their objection, the defendants state that they were not made aware of plaintiffs' intention to use an expert witness in this case until well after the time required by the scheduling order to be notified of such fact. Defendants assert that they have not had time to depose the proposed expert, nor time to secure an expert of their own. As a result, defendants claim that they would be severely prejudiced if this witness were allowed to testify.

It appears that the expert is offered to show that someone has tampered with the tape. In responding to the defendants' objection, plaintiffs submit various arguments, including that they spent time and money in securing the expert/expert report and that they could not have had the video analyzed any faster.

Rule 26(a)(2)(C) requires parties to disclose written reports of their proposed expert witnesses "at the times and in the sequence directed by the court." Parties that do not comply with the disclosure requirement face sanctions under Rule 37(c)(1), which reads in relevant part: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), ... is not, unless such failure is harmless, permitted to use as evidence at a trial, ... any witness or information not so disclosed."

The trial date in this matter is February 26, 2007. During the hearing, the Court informed the plaintiffs that if they wanted to use an expert, the trial date would need to be continued so that the defendants could take Mr. Tansey's deposition and seek a rebuttal expert, if needed. The plaintiffs stated to the Court that they did not want to continue the

trial and that they would withdraw the expert designation, i.e. they would not use the expert, Michael Tansey, during the trial. Accordingly, since the plaintiffs have withdrawn their expert, defendants' objection [Doc. 98] is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**ENTER:**

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE