# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| BOBBY MURRAY, BILLY D. MURRAY and LORETTA MURRAY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:04-CV-501 (Phillips/Guyton) |
| HARRIMAN CITY POLICE CHIEF JACK STOCKTON, OFFICER AMANDA GODIN, OFFICER KENNETH MYNATT, OFFICER JASON MYNATT, AND CITY OF HARRIMAN, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter came before the Court for motions hearing and for the final pretrial conference on February 21, 2007. The Court received pleadings and entertained argument on the following motions: defendants' motion in limine to exclude the testimony or introduction of evidence as set forth [Doc. 107]; defendants' second motion in limine to exclude the introduction or reference to items set forth [Doc. 113]; plaintiffs' motion to compel [Doc.119]; as well as various objections and oral motions. For the reasons stated during the course of the hearing and for the reasons provided below, the Court finds as follows.

1

## I. Defendants' motion in limine to exclude the testimony or introduction of evidence as set forth [Doc. 107]

In regard to the video tape, the defendants claim that the following statements are inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), and Rule 404 (character evidence): 1) the Harriman defendants concealed evidence; 2) the Harriman defendants deliberately left off portions of the video tape and/or doctored the video tape; 3) the Harriman defendants "hid" the video; and 4) Attorney Nathan Rowell hid the video from the plaintiffs or Jack Stockton hid or destroyed the videos relating to this matter. The Court finds that credibility is a question of fact for the jury. Accordingly, the plaintiffs may ask the defendants/witnesses questions regarding the concealment of evidence, doctoring of the video tape, hiding of the video tape, and whether Jack Stockton hid or destroyed the video tape. However, plaintiffs are not permitted to tell or covey to the jury that defense attorney, Nathan Rowell, hid the video from the plaintiffs.

In regard to alleged "lies" by Harriman officials, the defendants claim that the following statements are inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), and Rule 404 (character evidence): 1) Harriman officials "lied" to the Court; 2) Harriman officials "lied" about the video; 3) Harriman officers were not honest; and 4) the Harriman defendants are "liars." Again, the Court finds that credibility is a question of fact for the jury. The plaintiffs may ask defendants/witnesses as to their honesty.

As to alleged altercations involving Billy Murray, Jack Stockton, Ralph Moore, and Tim Murray, the defendants claim that related evidence is inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), and Rule 404 (character evidence). Plaintiffs respond that the beating of Billy Murray shows a pattern of treatment by the Harriman Police Department and provides the reason that Billy Murray fled from Officer Amanda Godin. Plaintiffs state that the Ralph Moore incident and Tim Murray incident further demonstrate the pattern of beatings. The Court finds that Billy Murray can testify as to why he fled from the police. Further, since the incident involving Tim Murray is alleged to be retaliation for the plaintiffs filing of their law suit, at this time, the plaintiffs are permitted to use the testimony of Tim Murray. The defendants may cross examine on such matters. However, as to the altercation involving Ralph Moore, related testimony and/or evidence is not relevant and unfairly prejudicial, and therefore, inadmissible.

As to the mental condition of Billy Murray, the defendants claim that related evidence is inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), and Rule 404 (character evidence). Further, the defendants state that there has been no evidence produced as to Billy's mental deficiency other than conclusory allegations. Plaintiffs state that they have entered medical records of Billy Murray that demonstrate his limited mental functioning. The Court finds that Billy Murray may provide testimony and medical documentation as to his limited functioning. Defense's argument is a proper area for cross examination.

As to plaintiffs' contentions regarding the corruption of judges, court clerks, and the Sheriff of Roane County, the defendants claim that the related evidence is inadmissible under Rule 401 (relevance) and Rule 403 (unfair prejudice and misleading). The Court finds that the testimony is inadmissible in that the testimony is not relevant and/or creates unfair prejudice issues.

As to allegations regarding Jason Mynatt, that is, that he is a "hot head," did not work for the City of Harriman, and allegedly cursed Loretta Murray, the defendants claim that the statements are inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), Rule 404 (character evidence), and Rule 802 (hearsay). The Court will allow the plaintiffs to present evidence and testimony regarding the above issues.

As to plaintiffs' allegations relating to a conversation between plaintiffs and the Circuit Court clerk, that is, that the clerk was instructed by Jack Stockton not to give Loretta Murray anything she asked for, the defendants claim that the following statements are inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), Rule 404 (character evidence), and Rule 802 (hearsay). In response, plaintiffs conceded that the information is not relevant. The Court finds that any related testimony is irrelevant and, therefore, inadmissible.

As to the arrest of Bobby Murray on January 18, 2007, the defendants claim that related evidence is inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), and Rule 404 (character evidence). The Court finds that the plaintiffs may

present evidence as to the January 18, 2007 incident. Defendants may cross examine the plaintiffs as to the incident.

As to the complaints regarding the incident between the Murrays and John Elliott, the defendants claim that related evidence is inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), and Rule 404 (character evidence). In response, plaintiffs assert that evidence and testimony regarding an altercation between the brother of Billy Murray's "live-in" girlfriend, John Elliot, and the Murrays should be admissible. Apparently, Officer Godin arrived at the scene during the incident and did not arrest the brother, John Elliot. The Court finds that this incident is too remote. Evidence and testimony as to the incident are excluded based on relevance and/or unfair prejudice.

Plaintiffs list "Donese" Kinsey, Jamie Thomason, Allen Swicegood, the Harriman City Grant Manager, and the Harriman City Budget Director on their witness list. Defendants claim that they were advised of these witnesses for the first time when plaintiffs presented their first witness list. They were not listed in the initial disclosures. Defendants state that any testimony from them would be prejudicial. The plaintiffs assert that Jamie Thomason and Allen Swicegood are witnesses to the violation of the plaintiffs' rights. Plaintiffs withdraw "Donese" Kinsey, the Harriman City Grant Manager, and the Harriman City Budget Director from their witness list. The Court finds that Jamie Thomason and Allen Swicegood are witnesses that plaintiffs may provide at trial.

Also, plaintiffs list Robby Locket and the Manager from Harrison's Sporting Goods

on their witness list. The defendants have objected to presentation of testimony from these witnesses in that the first time the plaintiffs mentioned these individuals was in a response to a motion for summary judgment. The plaintiffs did not disclose these individuals in their initial disclosures. In response, plaintiffs state that these witnesses will not be called. Accordingly, the defendants' motion in limine is denied as moot.

As to the statements regarding the dog hair found in Billy Murray's vehicle after it was returned from the impound, the defendants claim that the statements are inadmissible under Rule 401 (relevance), Rule 403 (unfair prejudice and misleading), and Rule 901 (authentication). The Court finds that any evidence or testimony regarding the dog hair is inadmissible. Plaintiffs' illegal search claim has been ruled upon, and the testimony is not relevant.

As to evidence of damages, the defendants state that they have made multiple requests for damages under Rule 26 and that the plaintiffs have failed to provide information. Defendants request that the plaintiffs be prohibited from introducing any evidence of damages. Plaintiffs state that they have filed a statement of damages with the Court; however, they do not have any receipts evincing damages or medical invoices. The Court will allow plaintiffs to present medical documentation of injury that has been previously produced to the defendants.

As to the pay sheet computer print out for Jason Mynatt dated January 31, 2006, the defendants claim that the statements are inadmissible under Rule 401 (relevance) and Rule

403 (unfair prejudice and misleading). Plaintiffs state that the print out sheet evinces that Jason Mynatt was a security guard and an employee for the Harriman Housing Authority at the time of the incident. The plaintiffs will be allowed to present this evidence, and defendants' argument may be addressed through proper cross examination.

## II. Defendants' second motion in limine to exclude the introduction or reference to items set forth [Doc. 113]

As to the pictures provided to the defense counsel on February 9, 2007, defendants state that the plaintiffs untimely produced these pictures, that is, not in accordance with the Rule 26 initial disclosures, and that the photos would prejudice the defendants. The Court has reviewed the photos and finds that the first three photos depicting the gas station are admissible; however, the remaining photos depicting law enforcement cars allegedly "tracking" the plaintiffs is inadmissible for lack of relevance and unfair prejudice.

As to the video tape of Billy Murray marked "Evidence Tape," defendants state that the plaintiffs untimely produced the video tape on February 9, 2007 and that they have not had opportunity or time to question the plaintiffs as to anything related to the video footage. Defendants state that admitting the tape would prejudice the defendants. Further, defense states that the tape depicting Billy Murray in 1993 is not relevant. The Court has viewed the video footage of Billy Murray displaying bruises, which allegedly were the result of excessive force used by Jackson Stockton against Billy Murray. The Court finds that the footage is confusing and misleading and, therefore, inadmissible. However, the plaintiffs are permitted to testify as to why Billy Murray fled from the officers.

### III. Plaintiffs' motion to compel [Doc.119]

As to the motion to compel, plaintiffs state that defense counsel has not provided documents and evidence that plaintiffs have requested. However, the plaintiffs do not provide a list of what this evidence would be, although it appears that plaintiffs want the documentation dealing with the installation of the video camera. The defense counsel has sent the plaintiffs a letter stating that the records do not exist. The Court has directed the defendants to hand over evidence that the plaintiffs have requested; however, the Court is cognizant that the defendants cannot produce evidence that it does not have.

Also, plaintiffs ask the Court to "reverse" the order excluding the expert witness. The Court clarifies to the plaintiffs that the plaintiffs withdrew their expert at a previous hearing. The Court did not deny the plaintiffs' the opportunity to present expert testimony.

### IV. Miscellaneous motions and objections

As to plaintiffs' exhibit list [Doc. 120], the exhibit items #2 -24, 28, 30-33, 36-37, and 40-42 are admissible. The plaintiffs did not properly describe items #38 and #39; therefore, these items will be taken up at trial to the extent the exhibits are not duplicate listings. The remaining exhibits shall be excluded.

As to the witness list [Doc. 121], the Court will allow the plaintiffs to present all of the

witnesses listed. However, the Court admonishes the plaintiffs that while certain testimony may be admissible, other testimony may not for various grounds including relevance, hearsay, and unfair prejudice. Further, the Court has advised the plaintiffs that it is the responsibility of the plaintiffs to bring their witnesses to Court and not the responsibility of the defendants or the Court.

As to the issues involving pretrial orders, the Court notes that two pretrial orders have been filed. This is inconsistent with the Court's scheduling order. The Court also notes that there are no stipulations or agreed issues to submit to the jury. However, the Court articulates here, as well as articulated at the hearing, that the issues before the Court are as follows: 1) whether the defendants used excessive force against plaintiffs when arresting and/or restoring order during the November 2, 2003 incident; 2) whether the defendants were deliberately indifferent to the safety and well-being of the plaintiffs in allowing officers to use excessive force in the process of an arrest and/or in restoring order during the November 2, 2003 incident; and 3) whether the defendants were deliberately indifferent to a known, serious medical need of plaintiff Bobby Murray.

Defendants object to the plaintiffs' pretrial order in that it is untimely and contains theories and alleged potential causes of action that were not brought in the original complaint [Doc. 106]. Further, the order contemplates claims that have been previously dismissed by this Court. Defendants request that the pretrial order, and particularly its theory, be stricken. Plaintiffs state that their pretrial order was timely and ask for the Court's guidance.

The Court strikes plaintiffs' pretrial order to the extent it alleges extraneous claims or potential causes of action that were not brought in the original complaint and also strikes the plaintiffs' pretrial order with regard to the statements and allegations that relate to claims that the Court has previously dismissed.

Plaintiffs filed an objection [Doc. 111] to the defendants' proposed jury instructions in that part of the proposed jury instructions are "self-serving and designed to further the interests of the defendants." Plaintiffs ask the Court to enter the Sixth Circuit Pattern Jury Instructions. The Court will use the Sixth Circuit Pattern Jury Instructions where applicable. As to the areas of civil law where there are no Sixth Circuit Pattern Jury Instructions, the Court will consider the defendants' proposed jury instructions. Nevertheless, the Court will fashion and use an instruction that is appropriate. Therefore, the objection is noted, but denied.

At hearing, plaintiffs presented a new tape requesting that it be admitted into evidence. The Court instructed plaintiffs to produce a copy of the tape to defense counsel and held that the matter would be taken up by the Court immediately before the jury trial. Additionally, upon oral motions and objections, the Court granted plaintiffs the use of an aerial photo map as an exhibit for use at trial and overruled plaintiffs' objection to Reid A. Spaulding's notice of appearance and participation in the trial. Further, the Court found that plaintiffs' power of attorney was not applicable in the instant matter. The power of attorney gives Loretta Murray legal standing to assert claims owned by her son, Billy Murray, on his behalf; however it does not authorize Loretta Murray to practice law by representing

another person, her son, in a lawsuit: that must still be done by an attorney. *See Kapp v. Booker*, No. Civ. A. 05-402-JMH, 2006 WL 385306, at *3 (E.D.Ky. Feb. 16, 2006). However, since the facts and claims of this case overlap and are intertwined, plaintiffs will be granted some latitude in questioning defendants/witnesses.

## V.    Conclusion

For the reasons hereinabove set forth, and for the reasons stated during the hearing on these motions and related matters, defendants' motion in limine to exclude the testimony or introduction of evidence as set forth [Doc. 107] is **GRANTED in part and DENIED in part**; defendants' second motion in limine to exclude the introduction or reference to items set forth [Doc. 113] is **GRANTED in part and DENIED in part**; plaintiffs' motion to compel [Doc.119] is **DENIED as set forth by the Court**; and various objections and oral motions are **GRANTED in part and DENIED in part** as set forth by the Court above and during the course of the hearing. The parties will prepare the case for trial.

**IT IS SO ORDERED.**

**ENTER:**

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE