# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| BOBBY MURRAY, BILLY D. MURRAY and LORETTA MURRAY, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER AMANDA GODIN, OFFICER KENNETH MYNATT, OFFICER JASON MYNATT, AND CITY OF HARRIMAN, <br><br> Defendants. | No. 3:04-CV-501 <br> (Phillips/Guyton) |

## MEMORANDUM AND ORDER

This is a civil rights action brought under Title 42 U.S.C. § 1983. Specifically, plaintiffs seek monetary damages for the alleged excessive force used against them, deliberate indifference in failure to protect, and deliberate indifference to a serious medical need of an inmate. The case was tried to a jury over a one week period and resulted in a jury verdict in favor of the defendants. Plaintiffs now move the Court for an order setting aside the jury verdict and granting a new trial pursuant to Rule 59(a), Federal Rules of Civil Procedure [Doc.s 135 and 136].[1]

---

[1] Although plaintiffs' motions were entitled, "Motion for Mistrial Due to Juror Misconduct" and "Motion to Reconsider Motion not withstanding the Jury Verdict," it is obvious from an examination of the plaintiffs' motions that the plaintiffs are seeking an order to set aside the jury verdict and to grant a new trial under Rule 59(a).

1

As grounds for the motions, plaintiffs state that the jury foreman communicated through non-verbal and verbal greetings with them. Also, the plaintiffs assert that the jury may have found against them because the plaintiffs were not permitted to speak to the jury outside of the trial proceedings.[2] Additionally, the plaintiffs argue that they were not permitted to present evidence through their expert. Defendants, on the other hand, argue that the plaintiffs have not advanced any argument remotely setting forth a basis for overruling the jury's verdict in this case. For the reasons which follow, plaintiffs' motions for new trial will be denied.

**I**

Under the Federal Rules of Civil Procedure, a court may set aside a jury verdict and grant a new trial "to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). Courts have generally interpreted this language to allow a new trial when a jury has reached a "seriously erroneous result," which may occur when (1) the verdict is against the weight of the evidence; (2) the damages awarded are excessive; or (3) the trial was unfair to the moving party in some fashion (i.e., the proceedings were influenced by prejudice or bias). *See Holmes v. City of Massillon,* 78 F.3d 1041, 1045-46 (6th Cir. 1996). The burden of demonstrating the necessity of a new trial is on the moving party, *Clarksville-Montgomery Co. Sch. Sys. v. U.S. Gypsum Co.,* 925 F.2d 993, 1002 (6th Cir. 1991), and the ultimate decision whether to grant such relief is a

---

[2]The defendants and defense counsel were not permitted to speak to the jury outside the court proceedings, as well.

matter vested within the sound discretion of the district court. *See Anchor v. O'Toole,* 94 F.3d 1014, 1021 (6th Cir. 1996); *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir. 1990) (limiting a court's responsibility to preventing an injustice); *Browne v. Signal Mountain Nursery,* 286 F.Supp.2d 904, 908 (E.D.Tenn. 2003).

## II

The jury heard the evidence and determined that the plaintiffs had not proved, by a preponderance of the evidence, that the defendants had violated their civil rights. There was sufficient evidence from which a reasonable jury could come to the conclusion that the plaintiffs were not entitled to the relief sought. In comparing the opposing proofs and weighing the evidence, the Court concludes that it would not have been unreasonable for the jury to conclude that the plaintiffs' rights were not violated and that the plaintiffs were not entitled to an award of damages. Further, the trial was not unfair to the plaintiffs in some fashion, that is, the parties were on an even playing field. Indeed, the proceedings were not influenced by prejudice or bias. Viewing the case as a whole, assessing each of the witnesses' credibility, examining the content and detail of their testimony, and in the absence of bias and/or prejudice, the Court is unable to conclude that the jury's verdict is a "seriously erroneous result." Accordingly, the Court will deny plaintiffs' motions for a new trial.[3]

---

[3] As to allegations regarding the denial of evidence from a forensic expert, the plaintiffs in open court withdrew their submission of the expert. Therefore, there is no issue to discuss.

## **Conclusion**

For the reasons stated above, plaintiffs' motions for new trial [Doc.s 135 and 136] are hereby **DENIED**.

**ENTER:**

        s/ Thomas W. Phillips
       United States District Judge